This was an action by the purchaser of intestate land sold under an order of the Orphans' Court, to recover road damages assessed
before, and paid to defendants after the sale. The action was in assumpsit, for money had and received by the defendants asadministrators *Page 501 
of A. Hollingsworth, for plaintiff's use. The pleas were non-assumpsit,c.
A. Hollingsworth died seized of the land on the 9th of December, 1838. An order of court had been made, returnable to November term, 1838, for a public road running partly through the land of A. Hollingsworth; the return was made to that term assessing damages to A. Hollingsworth $235; and on the 29th of May, 1839, this road was confirmed by the court. The road was approved by the Levy Court on the 10th of March, 1811, and ordered to be opened. The land was sold to plaintiff under the intestate laws on the 14th of January, 1841; the sale confirmed on the 15th of February, 1841, and the property then assigned. The road was not actually opened until after the sale was confirmed. A large part, but not all of it, for which the damages were assessed, was laid out on land bought by plaintiff. The damages were paid to A. Harvey by the county treasurer on the 25th of January, 1842.
Gilpin, for the defendants, moved a nonsuit, on the ground that the action was improperly brought against defendants, asadministrators; that if liable at all they were liable individually and then not jointly, as the money was paid to Harvey alone: that on the return of the order for laying out the road and confirmation by the court, the estate of A. Hollingsworth became entitled to the damages assessed: that the subsequent purchaser of the land bought subject to the road, which was already "established," though not opened, the record being full notice to him: that the damages were ascertained by the return and confirmation to belong to Amor Hollingsworth; and that even if the plaintiff was entitled to the damages, he could not recover against these defendants, but must look to the Levy Court.
Chandler and Bayard answered, that the defendants being sued as administrators, they could not deny that character without a plea: (2 Ph. Ev. 363:) that though the purchaser of land over which a road had been laid out, would buy subject to the right of the public to have such road opened; the land is not divested until actually taken possession of by the public and paid for; even this only divests the title sub mode, for the purposes of a road: that this road was not even confirmed until after A. Hollingsworth's death, and his estate could not be entitled to the damages: and that the acceptance of the road by the Levy Court being necessary to the claim of any one for damages, the claim of A. Hollingsworth or his estate could not be maintained. *Page 502 
 Gilpin replied, that the defendants were not sued asadministrators, though named such; the claim was not against the estate of A. Hollingsworth, but against the defendants personally, for money received to plaintiff's use; it was, therefore, a joint action, not supported by proof that the money was received by one of the defendants alone; that if it were true that A. Hollingsworth could have no right to the damages until the road was confirmed by the court, his heirs would, and that would equally defeat the plaintiff's claim. He took the position that the rights of all parties were settled by the confirmation, the right of the public to open and. use a road, and the right of the then owner to the damages assessed. (Digest 470-1.)
By the Court. — The action is for money had and received by the defendants, as administrators of Amor Hollingsworth, to the use of the plaintiff. Such an action will not lie against an administrator in his representative capacity; it has nothing to do with the estate; it is a personal matter with the administrator. No more will the action for money lent lie against an administrator in his representative capacity. (Ashby vs. Ashby, 14 C. R. 77, Lord Tenterden, chief justice. — The cases cited clearly establish that the count for money had and received cannot be joined with counts against a party in his character as executor. In these cases the count for money had and received is treated as showing a personal charge on the executor. Littledale, judge. — All the authorities show that such a count only makes the defendant liable.)
As to the right to the damages, the court inclined in favor of the plaintiff's claim; but sustained the present motion on the other ground.
 Judgment of nonsuit.